**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-2379**

———————

MODESTO VELASQUEZ-SANCHEZ,

                    Petitioner,

      v.

LORETTA E. LYNCH, Attorney General,

                    Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  June 30, 2016          Decided:  July 22, 2016

———————

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

———————

Petition dismissed by unpublished per curiam opinion.

———————

Anna Aita, LAW OFFICES OF ANNA AITA, Glen Burnie, Maryland, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Anthony C. Payne, Assistant Director, Tiffany L. Walters, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Modesto Velasquez-Sanchez, a native and citizen of Guatemala, petitions for review of an October 8, 2015, order of the Board of Immigration Appeals denying his motion to reconsider its decision of July 29, 2015, declining to reopen his immigration proceedings. We dismiss the petition for review.

On appeal, Velasquez-Sanchez challenges the agency's denial of his applications for asylum, withholding of removal and protection under the Convention Against Torture (CAT). However, Velasquez-Sanchez did not file a timely petition for review of the Board's May 5, 2015, order affirming the denial of that relief. Velasquez-Sanchez had thirty days from the date of that decision to file a timely petition for review. See 8 U.S.C. § 1252(b)(1) (2012). This time frame is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." Stone v. INS, 514 U.S. 386, 405 (1995). Moreover, the filing of a motion to reconsider or reopen with the Board does not toll the thirty-day period for seeking review of underlying orders. Id. at 394. Thus, Velasquez-Sanchez's petition for review of the instant Board order of October 8, 2015, cannot be considered timely as to the Board's May 5, 2015, order.

Velasquez-Sanchez fails to raise any issues relevant to the Board's October 8, 2015, order denying his motion to reconsider.

2

Under Rule 28 of the Federal Rules of Appellate Procedure, "the argument [section of the brief] . . . must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Furthermore, the "[f]ailure to comply with the specific dictates of [Rule 28] with respect to a particular claim triggers abandonment of that claim on appeal." Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999); see also Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (failure to challenge the denial of CAT relief results in abandonment of challenge on appeal).

Accordingly, we dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED